# No. A-CV-14-86

# Supreme Court of the Navajo Nation

Navajo Nation Division of Resources, *Appellant,*

*vs.*

Felix Spencer, *Appellee*

Decided December 1, 1986

## OPINION

*Before Tso, Chief Justice, Bluehouse and Austin, Associate Justices.*

*William A. Riordan, Esq., and Gerri J. Harrison, Esq., Navajo Nation Department of Justice, Window Rock, Arizona for Appellant; Virginia Duquet, Esq., DNA-People's Legal Services, Inc., Window Rock, Arizona for Appellee.*

*Opinion delivered by Austin, Associate Justice.*

This case concerns the Supreme Court's jurisdiction to review an appeal from a final decision of an Appeal Authority acting pursuant to the Navajo Nation Personnel Policies and Procedures. We believe that the disposition of the case hinges upon the interpretation of 7 N.T.C. § 302, as it is codified in the Judicial Reform Act of 1985.

The pertinent facts show that Appellee Felix Spencer was fired from his job with the Navajo Nation Division of Resources on March 30, 1984. Spencer requested a grievance hearing pursuant to the Navajo Nation Personnel Policies and Procedures, which is appended to Title Two of the Navajo Tribal Code. The hearing was held before the Tribal Grievance Committee on July 16, 1985. The Committee decided in favor of Spencer. The Appellant Division of Resources appealed the Committee's decision to the Chairman of the Navajo Nation. The Chairman's Office appointed a member of the Navajo Tribal Council's Advisory Committee as Appeal Authority to hear the appeal. After hearing the appeal, the Appeal Authority decided in Spencer's favor. Spencer then requested clarification of the Appeal Authority's decision which led to another hearing before a second Appeal Authority. On April 28, 1986, the second Appeal Authority also

decided in Spencer's favor. On May 28, 1986, the Division of Resources filed an appeal alleging that the Appeal Authority exceeded his authority as set forth in the Navajo Nation Personnel Policies and Procedures. Spencer filed a motion to dismiss the appeal alleging that the Supreme Court lacked jurisdiction to hear the appeal. We set the case for oral arguments to decide whether the Supreme Court has jurisdiction to review a final decision of the Appeal Authority.

The Navajo Tribal Council created the Navajo Nation Supreme Court and it directed the Supreme Court to hear appeals and render decisions based upon the law, equity, and tradition. Navajo Tribal Council Resolution, CD-94-85. The Tribal Council guaranteed fulfillment of its intention by basing the Supreme Court's jurisdiction on the same statutory provisions that it used to create the High Court. Consequently, the Supreme Court can acquire and exercise jurisdiction only in the manner prescribed by the Tribal Council in Title Seven of the Navajo Tribal Code.

The Tribal Council has authorized the Supreme Court to accept and review only cases which have satisified appellate requirements, and those which petition for extraordinary writs. This restriction has enabled the Tribal Council to create a Supreme Court with limited jurisdiction. *Chuska Energy Company v. The Navajo Tax Commission, et al.,* 5 Nav. R. 98 (1986). In comparison, the District Courts of the Navajo Nation are courts of general jurisdiction.

The Supreme Court's acquisition of jurisdiction and the limitations under which that jurisdiction is exercised is explained in *Nez v. Bradley,* 3 Nav. R. 126 (1982). There Chief Justice McCabe said:

Appeal courts, unlike trial or district courts, are limited in the kinds of cases they hear. They usually get their authority to act from a constitution or statute, and they are limited to the powers expressly set forth in those laws. . . .Within the Navajo Nation, the jurisdiction of the Court of Appeals is fixed, limited and expanded only through the action of the Navajo Tribal Council.

3 Nav. R. at 129. These principles will guide our examination of the statutes in the Judicial Reform Act of 1985 as they relate to this case.

The Division of Resources filed its notice of appeal alleging Supreme Court jurisdiction under 7 N.T.C. § 801 (a) of the Judicial Reform Act of 1985. We disagree with the Appellant. 7 N.T.C. § 801 (a) is not the Supreme Court's jurisdictional statute. 7 N.T.C. § 801 (a) establishes the time limits and the requirements for filing a notice of appeal. Instead, the basis of the Supreme Court's appellate jurisdiction is located at 7 N.T.C. § 302. *Chuska Energy Company v. The Navajo Tax Commission, et al.,* 5 Nav. R. 98 (1986). Jurisdiction is granted in the following terms:

Section 302. Jurisdiction—Generally
 The Supreme Court shall have jurisdiction to hear appeals from final judgments

and other final orders of the District Courts of the Navajo Nation and such other final administrative orders as provided by law. The Supreme Court shall be the Court of final resort.

The first part of section 302 allows an appeal of a final judgment of a District Court provided the appeal conforms to 7 N.T.C. § 801 (a). This part of section 302 is not at issue here. Our issue concerns the second part of section 302 which permits appeals from final administrative orders. Specifically, does 7 N.T.C. § 302 permit an appeal of the final decision of an Appeal Authority, who has acted pursuant to the Navajo Nation Personnel Policies and Procedures? The answer is embedded in the words "as provided by law" in section 302.

The Division of Resources argues that under general principles of administrative law the Supreme Court has power to review the final decision of the Appeal Authority. Spencer's response is that general principles of administrative law are inapplicable because the Navajo Nation has not enacted an Administrative Procedure Act. We disagree with the Division of Resources on this point. The Supreme Court's appellate jurisdiction is not derived from general principles governing administrative law. The Supreme Court can acquire and exercise jurisdiction only in the manner dictated by the laws enacted by the legislative body.

Spencer contends that under section 302, the Supreme Court has jurisdiction to review only those final administrative decisions which have been expressly provided for by statute. Spencer's interpretation requires that a statute expressly provide for an appeal from a final administrative decision to the Supreme Court. It is Spencer's position that not all final administrative decisions are appealable to the Supreme Court. The Division of Resources proposes a different meaning of "as provided by law." According to the Appellant, those words merely removed District Court jurisdiction over certain areas like taxation and workmen's compensation, and it effectively gave the Supreme Court exclusive jurisdiction over those areas.

The Court must interpret and construe tribal statutes to effectuate the intent of the Tribal Council. Ambiguous statutes may require examining extrinsic material such as the legislative record to ascertain the Tribal Council's intent. Plain and unambiguous statutes will be given effect as written.

We believe that the provision providing for appeals from final administrative decisions in section 302 is plain and unambiguous. First, we disagree with the Division of Resource's interpretation of section 302. The Appellant's interpretation may result in the District Court and the Supreme Court exercising concurrent jurisdiction in those areas in which section 302 did not remove District Court jurisdiction. This will create confusion and impede judicial efficiency. Next we agree with Spencer's interpretation of section 302. An appeal from a final administrative deci-

sion is permitted only if a statute exists which expressly provides for an appeal to the Supreme Court. This was clearly the Tribal Council's intent when it enacted section 302. Our decision is consistent with Spencer's position that not all final administrative decisions are appealable to the Supreme Court.

The Tribal Council has established certain administrative agencies whose final decisions are appealable to the Supreme Court pursuant to statute. Those areas in which appeals are provided by law include workmen's compensation, elections, taxation, and labor. The Tribal Council obviously knows how to expressly provide for appeals of final administrative decisions by statute. The Personnel Policies and Procedures, and the statutes under which these Procedures have beem promulgated, fail to provide for an appeal of a final Appeal Authority decision to the Supreme Court. We hold that the Supreme Court lacks jurisdiction under the current law to review a final decision of the Appeal Authority.

It is inappropriate for the Supreme Court to exercise jurisdiction in this case without clear authorization from the Tribal Council. Perhaps in the future the Navajo Tribal Council will enact an Administrative Procedure Act which will govern appeals from administrative agencies. Until that Act is reality, it is inappropriate for the Supreme Court to "create" its own jurisdiction in an area where the Tribal Council has not spoken. If the Appellant believes that the grievance proceedings have been conducted outside the law, then it has other remedies available in appropriate forums. Accordingly, the appeal is dismissed.

Chief Justice Tso and Associate Justice Bluehouse concur.